UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY HALL #204933,

        Plaintiff,

v.                                    Case No. 2:06-cv-06
                                    HON. GORDON J. QUIST

UNKNOWN HILL,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Corrections Officer Unknown Hill.  In his underlying complaint, Plaintiff claims that Defendant violated his Eighth Amendment right by placing a foreign substance in his food which caused him to suffer stomach, chest and neck pain.  Plaintiff further claims that this violated his right to practice his religion because he was on a Kosher diet.  Plaintiff offers the affidavit of another prisoner, who claims to have seen Defendant place something in Plaintiff's food.

Plaintiff has filed a request for a temporary restraining order and preliminary injunction (docket #4) "directing Defendant Hill and those in collusion with him to cease their complained of illegal and criminal activities against the Plaintiff."  Plaintiff also seeks a visit to a non MDOC employed toxicologist.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not

granted.  Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.   Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.   Whether the movant has shown irreparable injury.

3.   Whether the preliminary injunction could harm third parties.

4.   Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff is seeking an order preventing Defendant from committing future illegal acts.  However, Plaintiff fails to specifically allege any facts showing that he is in any danger from the named Defendant.  Therefore, Plaintiff has failed to establish that he will suffer

irreparable harm absent injunctive relief.  Because Plaintiff has failed to meet the heavy burden

establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary

restraining order and preliminary injunction be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be

served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 29, 2006